**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARTURO ALMAGER,

               Plaintiffs,

vs.

JOHN DOE, UNINSURED DRIVER, AND
PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

             Defendants.

Case No. 1-20-cv-00368

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Philadelphia Indemnity Insurance Company Inc. ("Philadelphia") files this Notice of Removal for the purpose of removing this action -- State of New Mexico County of Bernalillo Second Judicial District Court Action No. D-202-CV-2020-02369, captioned *Arturo Almager v. John Doe, Uninsured Driver and Philadelphia Indemnity Insurance Company*—to this Federal Court. The basis for removal under 28 U.S.C. § 1441(b) is diversity jurisdiction pursuant to 28 U.S.C. § 1332. This Notice is supported by the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

For removal to be proper, the removing party must file a notice of removal that plainly identifies the basis for removal and complies with certain procedural requirements. See 28 U.S.C. § 1446. Philadelphia complies with 28 U.S.C. § 1446 because, as explained below, (1) the basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332, and (2) Philadelphia meets all the procedural requirements set for within 28 U.S.C. § 1446. As such, removal of the action filed in the Second Judicial District Court for Bernalillo County to this Court is proper.

/ / /

/ / /

## I.      THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332.

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.      There Is Complete Diversity of Citizenship

First, there is complete diversity between Plaintiff Arturo Almager and Philadelphia. Plaintiff is a resident of Bernalillo County, New Mexico. *See* Complaint ¶ 1. Philadelphia is, and at all relevant times was, an insurance business incorporated under the laws of Pennsylvania with its principal place of business in the Pennsylvania. See 28 U.S.C. § 1332(c). As such, Philadelphia and Plaintiff are citizens of different states, and there is complete diversity pursuant to 28 U.S.C. § 1332(a)(1).

While Plaintiff has also named "John Doe, Uninsured Driver" as a defendant, and even alleged that John Doe, despite being unknown, is a resident of Bernalillo County,[1] 28 U.S.C. § 1441(b) provides that "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." *See Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228 (10th Cir. 2006).

Plaintiff's inclusion of a John Doe New Mexico resident as a defendant appears to be an effort to deprive Philadelphia of diversity jurisdiction. After all, Plaintiff's UM claim is based on the premise that Plaintiff does not know who the John Joe Defendant is. *See* October 31, 2019 Demand Letter from Plaintiff's counsel, attached as **Exhibit 1** (characterizing the John Defendant as "unknown"). It is curious that Plaintiff would suggest he knows where that unknown person is domiciled. To the extent John Doe is not unknown, Plaintiff's UM claim would necessarily fail, at least to the extent Plaintiff could not show that John Doe was an uninsured motorist. *See generally American States Ins. Co. v. Frost,* 110 N.M. 188, 188, 793 P.2d 1341, 1341 (1990) (noting that NMSA 1978, Section 66–5–301 (Repl.Pamp.1994) equates uninsured and unknown motorists).

---

[1] *See* Plaintiff's Complaint at ¶ 2.

By naming an unknown John Doe New Mexico resident, Plaintiff is attempting to have it both ways.

The language of 28 U.S.C. § 1441(b) is clear. The citizenship of defendants with fictitious names is irrelevant to the question of diversity jurisdiction, and John Doe is a fictitious name.

### B.     The Matter in Controversy Exceeds the Sum of $75,000

Second, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the allegations made in Plaintiff's Complaint. See 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." (emphasis added)).

Plaintiff's Complaint contains an allegation that "As a result of Defendant Philadelphia's breach of its contractual duties, Plaintiff has suffered Failed [sic] to conduct a competent investigation of the claim and to honestly and fairly balance its own interests and the interests of the insured in rejecting a settlement offer within policy limits." Compl. ¶ 23; *see also* Exhibit 1 (in which Plaintiff demands "policy limits") The policy at issue has $1 million uninsured motorist limits. This amount far exceeds the minimum jurisdictional amount of $75,000.

## II.   PHILADELPHIA HAS MET ALL PROCEDURAL REQUIREMENTS SET FORTH IN 28 U.S.C. § 1446 TO REMOVE THIS ACTION.

The Bernalillo County Second Judicial District Court docket reflects that Plaintiff filed its Original Complaint on March 27, 2020. This Notice of Removal is within thirty days of service of the Complaint and is therefore timely.

In addition, Philadelphia has complied with all further procedural requirements, see 28 U.S.C. § 1446(a) and (d), including the following:

1. Attaching a copy of the Complaint in Philadelphia's possession, *see* **Exhibit 2**.

2. Serving a copy of this notice upon Plaintiff.

3. This notice is signed pursuant to F.R.C.P. Rule 11.

4. Attaching a copy of the most recent version of the docket from the State Court. *See* **Exhibit 3-4**.[2]

5. Filing a copy of this notice with the New Mexico state court clerk pursuant to 28 U.S.C. §1446(d) and Rule 81.1 of the Local Rules of the United States District Court for the District of New Mexico.


Respectfully submitted,

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ *Gena L. Sluga*
    Gena L. Sluga
    2800 N. Central Avenue, Suite 860
    Phoenix, Arizona 85004
    Tel: (602) 792-1700
    Fax: (602) 792-1710
    gsluga@cdslawfirm.com
    *Attorney for Philadelphia Indemnity Insurance Company*

---

[2] The docket indicates that an Affidavit of Service has not been filed. Philadelphia is unaware of any formal service having been perfected at this time. Philadelphia received a courtesy copy of Plaintiff's Complaint via facsimile.